UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 3:13-CR-161 |
| v. | ) | |
| | ) | JUDGE REEVES |
| BRIAN BOLTON | ) | |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, BRIAN BOLTON, and the defendant's attorney, Richard Gaines, have agreed upon the following:

1.  The defendant will plead guilty to the lesser-included offense of Count One of the indictment, that is, conspiracy to distribute and possess with intent to distribute five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B). The punishment for this offense is as follows: (1) a mandatory minimum term of imprisonment of at least five years and up to forty years; (2) a fine of up to $5,000,000; (3) a term of supervised release of at least four years; (4) criminal forfeiture; and (5) a mandatory $100 special assessment.

2.  In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

3.  The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the

following elements of the crime(s) must be proved beyond a reasonable doubt as to Count One of the indictment: (1) The defendant agreed with others to violate the federal drug laws; (2) the defendant joined the conspiracy knowingly and intentionally; (3) the defendant participated in the conspiracy; and (4) the overall scope of the conspiracy involved five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine.

4.  In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

In December 2012, the FBI and the DEA began investigating different aspects of what turned out to be a large, interconnected drug trafficking conspiracy (the "conspiracy") operating in the Eastern District of Tennessee and elsewhere. Initially, the FBI's investigation focused on Elder VASQUEZ ("E. VASQUEZ"), Fernando Amayo GONZALEZ, a.k.a., "Zeta" ("GONZALEZ"), and others. The DEA's investigation initially focused on Jose Luis AGUILAR ("AGUILAR") and Felipe De Jesus BANALES ("BANALES"). Following months of investigation that included the utilization of confidential source information, vehicle trackers, cell phone location information, physical surveillance, approximately 55 controlled drug purchases, and wiretaps of 15 different telephones, it was learned that the conspiracy was comprised primarily of two supply lines and involved hundreds of kilograms of cocaine. The first line was supplied locally by the defendants Jesus HERNANDEZ ("HERNANDEZ") and Juan Julian FELIPE ("FELIPE"), and involved primarily high-quality cocaine intended for

2

cooking into crack cocaine and consumption by smoking. HERNANDEZ and FELIPE were partners. The second line was supplied locally by a sealed defendant who has not been arrested as of the date of this agreement ("Sealed Defendant #1"), and others. The second line involved lower-quality cocaine intended for consumption by snorting.

HERNANDEZ's customers included Alfredo CASTENEDA, a.k.a. "Boludo" ("CASTENEDA"), Faustino Ramirez Ponciano, a.k.a. "El Toño" ("RAMIREZ"), AGUILAR, BANALES, and other Spanish-speaking drug dealers in and around Knoxville. FELIPE was responsible for selling cocaine primarily to English-speaking drug dealers. HERNANDEZ had been involved in the conspiracy since at least December 2012, and distributed, at a minimum, between 50 and 150 kilograms of cocaine in 2013.

CASTENEDA was among HERNANDEZ's largest cocaine customers and purchased, on average, between a half-kilogram and a full-kilogram per day from HERNANDEZ. In total, CASTENEDA purchased at least 50 kilograms of cocaine from HERNANDEZ in 2013. RAMIREZ also occasionally sold cocaine to CASTENEDA when CASTENEDA's regular supplies were not immediately available. Additionally, several co-conspirators, including CASTENEDA, GONZALEZ, E. VASQUEZ, and Jesus Amustio PANOJA, a.k.a. "Chuy" ("PANOJA"), both bought and sold cocaine to and from one another in times of need.

The defendant was one of CASTENEDA's customers between September 2013 and November 2013. The defendant typically purchased one or two ounces of cocaine at a time from CASTENEDA about every other day during that time period.

For sentencing purposes, the defendant agrees to be held responsible for distributing between 500 grams and 2 kilograms of cocaine over the course of the drug conspiracy charged in

3

the indictment. It is believed that this quantity of drugs reflects the United States' proof of the defendant's direct involvement in the conspiracy at the time this agreement was executed.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

    b) The Court will impose special assessment fees as required by law; and

    c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding

4

Case 3:13-cr-00161-PLR-HBG   Document 311   Filed 07/10/14   Page 4 of 10   PageID #: 1126

on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property,

or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The property is subject to forfeiture pursuant to Title 21, United States Code, Section 853. The defendant agrees to a money judgment in the amount of $17,500,000, which represents the minimum amount of money paid to the defendants directly or indirectly for controlled substances during the course of the conspiracy. The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

  10. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot

6

pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's

Office to obtain financial and tax records of the defendant.

11. a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant agrees not to file a direct appeal of the defendant's conviction(s) or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the district court or above any mandatory minimum sentence deemed applicable by the district court, whichever is greater.

b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

12. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed

not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

14. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

7-10-14
Date

By: TRACY L. STONE
Assistant United States Attorney

7-2-14
Date

BRIAN BOLTON
Defendant

7-31-14
Date

RICHARD GAINES
Attorney for the Defendant

10