UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| BRIAN BOLTON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:13-CR-161-PLR-HBG-26 |
| | ) | | 3:16-CV-217-PLR |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255 [Doc. 950]. In it, he challenges the propriety of his career offender

designation under Section 4B1.1 of the United States Sentencing Guidelines in light of *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015), which invalidated the residual provision of the Armed

Career Criminal Act, 18 U.S.C. § 924(e), for unconstitutional vagueness [*Id.* (suggesting that his

sentence is no longer valid because Section 4B1.2 is equally vague)].[1] He also argues that he

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See*

received ineffective assistance based on counsel's failure to raise a *Johnson*-based challenge to his career offender designation at sentencing [*Id.* (suggesting that counsel should have challenged Petitioner's PSR and career offender designation at the sentencing hearing)].

To the extent that Petitioner challenges his career offender designation in light of the *Johnson* decision, that ground fails as a matter of law. On March 6, 2017, the Supreme Court held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). As a result, binding authority now dictates that the *Johnson* decision does not provide a basis for vacating, setting aside, or correcting his sentence.

To the extent that Petitioner faults counsel for not raising the *Johnson* decision in a challenge to his career offender designation at the sentencing hearing, that ground fails as well. Because the *Johnson* decision has no impact on the propriety of Petitioner's career offender designation, counsel's failure to raise the same did not result in prejudice. As such, the Court need not address whether the omission amounted to a deviation from professional standards of care. *See, e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (explaining that counsel cannot be held constitutionally ineffective for failing to pursue meritless claim or raise a meritless objection). Further, Petitioner is mistaken insofar as he suggests that counsel should have predicted what he characterizes as a change in the definition of crime of violence. *See, e.g.*, *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (noting non-egregious "errors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel").

---

U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

In accordance with the foregoing, Petitioner's pro se § 2255 motion [Doc. 950] will be **DENIED** and **DISMISSED WITH PREJUDICE**.  The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

 **IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**