UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:13-CR-161-TAV-HBG-26 |
| BRIAN BOLTON, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on defendant's pro se Motion for Relief Pursuant to Rule 60 [Doc. 1069] and Motion for Reappointment of Counsel under Criminal Justice Act, 18 U.S.C. § 3006A [Doc. 1071]. Defendant moves the Court, pursuant to Rule 60 of the Federal Rules of Civil Procedure, to relieve him from the judgment denying and dismissing with prejudice his motion for post-conviction relief pursuant to 28 U.S.C. § 2255 [Docs. 1014, 1015]. For the reasons discussed herein, the motions [Docs. 1069, 1971] are **DENIED.**

### I. Background

Defendant filed the underlying motion to vacate, set aside, or correct sentence under 18 U.S.C. § 2255 on the grounds that he no longer qualified as a career offender after *Johnson v. United States*, 135 S. Ct. 2551 (2015) and that counsel was ineffective for failing to object to his career offender designation [Docs. 950, 951]. In April 2017, the Court denied the motion and dismissed it with prejudice, simultaneously denying a certificate of appealability [Doc. 1014]. Nonetheless, he requested a certificate of appealability from the

Sixth Circuit Court of Appeals [Doc. 1016]. In a six-page order reviewing defendant's claims and the Court's opinion, the Sixth Circuit denied defendant's request, stating defendant had not met the burden of a substantial showing of the denial of a constitutional right and that reasonable jurists would not debate the Court's ruling on the issues [Doc. 1025]. Defendant then filed the instant motions.

## II. Standard of Review

As a threshold matter, the Court must determine whether Petitioner's motion for relief properly has been brought under Rule 60(b) or whether it should be considered a second or successive § 2255 motion.[1] In the context of § 2255 relief, Rule 60(b) is not

---

[1] Defendant does not identify under which subsection of Rule 60 he seeks relief. However, Rule 60(b) is the most applicable, as defendant states "the district court erred by applying the career offender enhancement" and therefore alleges a mistake of law [Doc. 1069 p. 2, Doc. 1070 p. 2].

Defendant states the Court should resentence him "in order to prevent a miscarriage of justice" which mirrors the language of the standard under Rule 60(d) which provides relief from a judgment or order via independent action. Part (d) is "commonly referred to as Rule 60's 'savings clause'" and reads: "Other Powers to Grant Relief. This rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order or proceeding . . . ." Fed. R. Civ. P. 60(d)(1). An independent action is "'available only to prevent a grave miscarriage of justice'" which is a "stringent and demanding standard." *Mitchell*, 651 F.3d at 595 (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *see also Pickford v. Talbott*, 225 U.S. 651, 657 (1912) (available when enforcement of the judgment is "manifestly unconscionable").

However, the Court declines to interpret defendant's motion as seeking relief under Rule 60(d) as he does not allege an independent action or argue why he meets such a demanding standard. This Court's Local Rules require that requests for relief include "a concise statement of the factual and legal grounds which justify the ruling sought from the Court." E.D.TN. LR 7.1(b). As such, this request can be denied for failure to comply with the Local Rules. Alternatively, the request could be deemed waived. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997))). Therefore, defendant fails to meet his burden under Rule 60(d) and the Court interprets his request under Rule 60(b).

2

intended to raise new grounds for relief or challenge the merits of the district court's order but to resolve "some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). If a defendant's Rule 60(b) motion raises new "claims" after he has already litigated a § 2255 motion or if the motion attacks the federal court's previous resolution of a claim on the merits, the Court must interpret defendant's Rule 60(b) motion as a second or successive § 2255 motion. *Id.* (holding that "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims,'" even if raised in a Rule 60(b) motion); *In re Nailor*, 487 F.3d 1018, 1022–23 (6th Cir. 2007) (applying *Gonzalez* in the § 2255 context and holding that a Rule 60(b) motion should be considered a § 2255 motion if it challenges the prior resolution of a claim "*on the merits*").

If the motion has properly been brought under Rule 60(b), it is "a litigant's exclusive avenue when seeking relief from a judgment or order." *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 334 (6th Cir. 2006) (citing *United States v. Beggerly*, 524 U.S. 38, 46 (1998)). The rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)  the judgment is void;

3

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As a general matter, "relief under [this rule] is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

More specifically, "a Rule 60(b)(1) motion is intended to provide relief . . . when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). The catchall provision of subsection (6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citing *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985)). "'The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)). "[R]elief under Rule 60(b)(6) should be granted only

4

in unusual and extreme situations where principles of equity *mandate* relief." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (quotation marks and citations omitted).

**III.    Analysis**

Defendant now requests the Court relieve him from the prior judgment based on the Sixth Circuit's opinion in *United States v. Havis*, 927 F.3d 382, 383 (6th Cir. 2019) (en banc), reconsideration denied, 929 F.3d 317 (6th Cir. 2019).  There, the court looked at the text of USSG § 4B1.2(b), rather than the application notes, to hold that the commentary "deserves no deference," meaning the Guidelines' definition of "controlled substance offense" did not include attempt crimes. *Id*. at 387.  Because the least culpable conduct of defendant's offense of conviction included an attempted delivery of a controlled substance, the Sixth Circuit reversed and remanded the district court's decision to use that offense as a basis for the career offender enhancement. *Id*.

Defendant argues that because his offense of conviction, T.C.A. § 39-17-417, makes it a crime to knowingly sell or deliver a controlled substance and deliver means the "actual, constructive, or attempted transfer," it includes an attempt crime and therefore may not qualify as a career offender predicate offense under the same reasoning as *Havis* [Doc. 1069 p. 2–4].

However, whether considered under Rule 60(b)(1) or 60(b)(6), defendant's arguments challenge the prior resolution of his claims on the merits, and therefore this motion must be construed as a second or successive § 2255 and transferred to the Sixth

5

Circuit. *See In re Nailor*, 487 F.3d at 1022. Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file a second or successive § 2255 petition in the district court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2255(h). No such order has been received by this Court. Accordingly, Petitioner's filing will be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Reeves v. United States*, 1:93-cr-102; 1:17-cv-338, 2018 WL 6524282, at *2 (E.D. Tenn. December 12, 2018).

Defendant also filed a motion for reappointment of counsel under 18 U.S.C. § 3006A [Doc. 1071]. However, petitioner does not have a constitutional right to counsel in mounting a collateral attack on his sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Instead, the Criminal Justice Act provides that the Court may appoint counsel to represent a petitioner in a § 2255 proceeding if the Court determines that the interests of justice so require. 18 U.S.C. § 3006A; see also 28 U.S.C. § 2255(g) (permitting the court to consider the appointment of counsel in "proceedings brought under this section").

In deciding whether to appoint counsel in a civil case, the Court considers whether exceptional circumstances exist by examining the following factors: (1) "the type of case," (2) the litigant's "abilit[y] to represent himself," and (3) the "complexity of the factual and legal issues involved." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (internal quotations omitted). Generally, this Court does not appoint counsel in a collateral attack upon a conviction or sentence unless it has determined that a hearing on the § 2255 motion

6

is necessary. *Vinson v. United States*, 235 F.2d 120, 122 (6th Cir. 1956); *United States v. Wooden*, No. 1:03-cr-66, 2008 WL 5110790, at *2 (E.D. Tenn. Nov. 26, 2008) (holding that the court "cannot appoint counsel at government expense to provide legal advice and represent [a criminal defendant] prior to the filing of a § 2255 motion").

In this case, the Court has not scheduled an evidentiary hearing. *See* Rule 8 of the Rules Governing Section 2255 Proceedings. Moreover, the Court finds that petitioner has not shown exceptional circumstances requiring the appointment of counsel, especially given his demonstrated ability in filing the instant motions. *See Smith v. United States*, 421 F.2d 1300, 1301 (6th Cir. 1970) (observing that the court assumes an individual "in custody can recall sufficiently the circumstances of a non-frivolous error to frame an appropriate motion to vacate sentence"). Accordingly, defendant's motion to appoint counsel [Doc. 1071] is **DENIED**.

**IV. Conclusion**

The Clerk is **DIRECTED** to **TRANSFER** defendant's filings [Docs. 1069, 1070] to the United States Court of Appeals for the Sixth Circuit. Additionally, defendant's Motion for Reappointment of Counsel under Criminal Justice Act, 18 U.S.C. § 3006A [Doc. 1071] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE